**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MONTANA PROFESSIONAL SPORTS, LLC,**

        **Plaintiff,**

**-vs-**                                                                           **Case No. 6:05-cv-1827-Orl-18DAB**

**LEISURE SPORTS MANAGEMENT, NATIONAL INDOOR FOOTBALL LEAGUE, LLC,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ATTORNEY'S FEES (Doc. No. 48)**
>
> **FILED:** **November 7, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

Plaintiff Montana Professional Sports is owner of the Billings Outlaws, a professional indoor football team in Billings, Montana that plays in the National Indoor Football League (the "League"). On December 9, 2005, Plaintiff filed a Complaint against Defendants Leisure Sports Management, Inc. and the National Indoor Football League, LLC, alleging trademark infringement and false designation of origin under the federal Lanham Act, 15 U.S.C. § 1125(a) and Florida law for unfair competition. Doc. No. 1. The claims arise out of the unauthorized use of the OUTLAWS trademarks

and service marks by an indoor football team located in Kissimmee, Osceola County, Florida. Doc. No. 1.

On October 10, 2006, Judge Sharp granted Plaintiff's Motion for Default Judgement against the League[1]. Doc. No. 44. Previously, on February 2, 2006, Judge Sharp had entered a preliminary injunction against Defendants Leisure Sports Management, Inc. and all those acting in concert with them from using the trademark OUTLAWS or design marks that feature a masked cowboy in advertising and promotions; transferring such goods, or engaging in any other unfair competition. Doc. No. 24. During the litigation, Plaintiff served the League with the Summons and Complaint on December 19, 2005 (Doc. No. 4), but the League did not respond to the complaint and has made no appearance. The League also did not respond to Plaintiff's Motion for Preliminary Injunction (Doc. No. 9), Plaintiff's Motion for entry of default (Doc. No. 21); the Clerk entered default on January 31, 2006. Doc. No. 23.

On October 10, 2006, Judge Sharp ordered that the preliminary injunction (Doc. No. 24) be made permanent. On November 7, 2006, Judge Sharp ordered that the $200,000 bond required of Plaintiff Montana Professional Sports, LLC (Doc. No. 26) be discharged. Plaintiff then filed its Motion for Attorney's Fees on November 7, 2006, to which the League has not responded.

**Analysis**

Plaintiff now seeks attorney's fees of $69,226.12 pursuant to the Lanham Act, 15 U.S.C. § 1117. The League has not filed a response.

---

[1] The parties sought, and Judge Sharp approved, a Joint Stipulation of Dismissal of Plaintiff's claims against Defendant Leisure Sports Management, Inc. Doc. No. 37, 40.

Under section 1117, the Court may award reasonable attorney fees to a prevailing party under the Lanham Act in "exceptional" cases. *Neva, Inc. v. Christian Duplications Intern.*, Inc., 743 F. Supp. 1533, 1543 (M.D. Fla. 1990) (citing 15 U.S.C.A. § 1117(a)), *distinguished on other grounds, SEB S.A. v. Sunbeam Corp.*, 148 Fed. Appx. 774 (11th Cir. 2005). The Eleventh Circuit has defined an exceptional case as one that can be characterized as malicious, fraudulent, deliberate, and willful. *Burger King Corp. v. Pilgrim's Pride Corp.,* 15 F.3d 166, 168 (11th Cir.1994) (quoting H.R.Rep. No. 93-524, 93rd Cong. 1st Sess. (1974)); *Dieter v. B & H Indus.,* 880 F.2d 322, 329 (11th Cir. 1989). Even if a court finds that the case is exceptional, however, the award of attorney fees under the Lanham Act remains within the court's discretion. *Id.*

Judge Sharp granted Plaintiff's Motion for Default Judgement against the League on October 10, 2006. Doc. No. 44. The Court finds that the League's failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint, including that the League's use of Plaintiff's trademarks and service marks was willful and deliberate. *See, e.g.*, *Buchanan v. Bowman,* 820 F.2d 359 (11th Cir.1987) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact."). Plaintiff has established that the League acted willfully in giving Co-Defendant Leisure Sports express approval to rename its team the Outlaws. Plaintiff's marks were used without its authorization, and, thus, Plaintiff is entitled to attorney's fees. The League's continued infringement through promotion of the "Osceola Outlaws" even after receiving notice from Plaintiff and its failure to respond to the Complaint are further support for the awarding of attorneys fees. *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F.Supp.2d 1213, 1217 (S.D. Fla. 2004). In addition, an award of attorney's fees will serve to deter future infringements, penalize the League for its unlawful conduct, and compensate Plaintiff for its fees and costs. *Id.*

Plaintiff has requested attorney's fees and costs in the amount of $69,226 for: 161 hours[2] of work by Knobbe Martens Olson & Bear LLP of Irvine, California; 29.85 hours by Burr & Forman, LLP of Birmingham, Alabama; 12 hours by Zimmerman, Kiser & Sutcliffe, P.A. of Orlando, Florida. The supporting affidavits reflect that 11 different billing timekeepers contributed to the legal product in this case, at rates ranging as high as $530[3] per hour. The Court finds that this amount is excessive. This case was routine and ultimately unopposed. The time entries for Knobbe Martens Olson & Bear LLP in particular lack precise descriptions of the matters worked on, contain redacted or blank entries even for billed time, and in several cases says to "fill in". *See, e.g.,* Doc. No. 49-2 at 8-9; 36, 48. Overall, the time and expertise required to prepare, file and serve an unfair competition complaint and obtain a default judgment on that complaint is simply far less than that reflected in Plaintiff's papers.[4] Even allowing for the time and attention devoted to the preliminary injunction hearing and the short-lived appeal, the number of hours claimed is excessive. Thus, the Court declines to award plaintiff the full $69,226 Plaintiff has requested.

Upon review of the record and Plaintiff's attorney time records, the Court finds that Plaintiff's fee request should be reduced to no more than $20,000 as the maximum reasonable amount appropriate for prosecution of this action. Accordingly, it is respectfully **RECOMMENDED** that

---

[2] The Court made the adjustments as denoted by the letters A-D as explained in Doc. No. 49-2 ¶ 5.

[3] The $530 per hour rate for Mr. Nataupsky (and the rates of all the Knobbe Martens Olson & Bear LLP attorneys) had to be extrapolated from billing time entries because the rates were not set forth in the Affidavit. In addition, the proof of service in the Affidavit was not signed or dated, although the Affidavit was attached to the Memorandum which contained its own proof of service. Doc. No. 49.

[4] Notably, Plaintiff has not submitted any evidence that the time and charges are reasonable for litigation such as this case in the *Orlando* legal market. Doc. No. 49-3 (discussing Birmingham, Alabama market); Doc. No. 49-2, 49-4 (no mention of any market).

Plaintiff be awarded attorney's fees of **$20,000** as an award of reasonable attorney's fees under section 1117(a).

With respect to costs, Plaintiff is limited to those items specified in 28 U.S.C. § 1920, which does not include items such as attorney travel or computerized research. The request for costs should be denied without prejudice to submission of a properly supported Bill of Costs within five days, which will be taxed by the Clerk in the ordinary course.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 31, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy